IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Nathaniel Ravon Gold, #277649, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 3:07-1501-HMH-JRM |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| St. Matthews Police Dept., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Joseph R. McCrorey, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[1] Nathaniel Ravon Gold ("Gold"), a state prisoner proceeding pro se, alleges that the Defendant violated his civil rights under 42 U.S.C. § 1983. In his Report, Magistrate Judge McCrorey recommends dismissing Gold's complaint without prejudice and without issuance and service of process.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Gold filed the instant § 1983 action on May 25, 2007.[2] In his complaint, Gold alleges that on "November 18, 2004 St Matthews Police knowingly and willingly arrested me for false distribution and prox of a school charges and been harassing me since and before

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1) (2006).

[2] See Houston v. Lack, 487 U.S. 266 (1988).

1

that. The charges has been dismiss 2005 for I guess lack of evidence." (Compl. 3.) The complaint contains no further allegations. In addition, Gold requested no relief in the section of the complaint which instructed Gold to "[s]tate briefly and exactly what you want the court to do for you." (Id. 5.)

Magistrate Judge McCrorey entered his Report and Recommendation on June 19, 2007, recommending that the court dismiss Gold's complaint without prejudice and without issuance and service of process. Gold did not file objections to the Report and Recommendation. However, on July 3, 2007,[3] Gold mailed a letter addressed to Larry W. Propes, Clerk for the United States District Court, requesting leave to amend his complaint. The court construes Gold's letter as a motion for leave to amend.

## II. DISCUSSION OF THE LAW

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

---

[3] See Houston v. Lack, 487 U.S. 266 (1988). The envelope is actually dated August 3, 2007, by the South Carolina Department of Corrections. However, because this date is obviously in error, the court will note the date of filing as July 3, 2007.

2

As noted above, Gold did not file objections to the Report and Recommendation. However, Gold has moved for leave to amend his complaint. "[L]eave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "A motion to amend should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." HCMF Corp. v. Allen, 238 F.3d 273, 276 (4th Cir. 2001) (internal quotation marks omitted); see also Gordon v. Leeke, 574 F.2d 1147, 1152-53 (4th Cir. 1978) (a pro se litigant is entitled to the opportunity to amend his pleadings if he has alleged a potentially meritorious cause of action).

Construing Gold's motion to amend liberally, the court finds that granting Gold's motion to amend would be futile. Gold bases his motion on the fact that he "forgot to state a claim upon which relief may be granted and the case is to summary dismissal based on my error to do so." (Gold's Mot. Amend 1.) However, Gold makes no new factual allegations that were not raised in his initial complaint. As such, the court finds that the amendment of Gold's complaint would be futile, and Gold's motion to amend is denied. Otherwise, Gold does not object to the Magistrate Judge's Report and Recommendation. Therefore, after a thorough review of the Report and the record in this case, the court adopts Magistrate Judge McCrorey's Report and Recommendation.

Therefore, it is

3

**ORDERED** that Gold's motion to amend is denied. It is further

**ORDERED** that Gold's complaint is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
July 17, 2007

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.